UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

     Plaintiff,                          Case No. 1:08-cv-36

                                         Dlott, J.
vs.                                      Black, M.J.

HOLLOWAY CREDIT SOLUTIONS, LLC

     Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED; (2) DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR BE GRANTED; (3) ALL OTHER PENDING MOTIONS BE DENIED AS MOOT; AND (4) THIS CASE BE CLOSED**.

On January 25, 2008, *pro se* Plaintiff Darlington Amadasu filed a complaint against Holloway Credit Solutions ("HCS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; violations of the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345.01 *et seq.*; and various state and common law claims related to HCS's alleged debt collection activities. In his complaint, plaintiff asserts that HCS engaged in abusive debt collection practices by publishing his alleged debt to credit reporting companies, which action plaintiff alleges negatively impacted his credit report and caused him damages.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The case is now before the Court on plaintiff's motions for leave to amend and serve (Docs. 11, 12, 13, 14), HCS's motion to dismiss (Doc. 16), HCS's motion to declare plaintiff a vexatious litigator (Doc. 17), plaintiff's motions to strike (Docs. 18, 23), and HCS's motion for summary judgment (Doc. 21). The motions will be addressed in turn.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 8, 2003, Haynes Ambulance of Selma ("HAS") retained HCS to collect a debt owed by plaintiff in the amount of $481.25, plus $160.42 in collection fees. (Doc. 21, John Holloway Affidavit ¶ 4, Exhibit 1).

On January 9, 2003, HCS sent a debt collection letter to plaintiff to collect the debt owed to HAS. (Holloway Affidavit ¶ 5, Ex. 1). From January 9, 2003 until September 12, 2005, HCS unsuccessfully contacted plaintiff in an attempt to collect the debts. (Holloway Affidavit ¶ 6, Ex. 1).

On April 16, 2003, Selma Heart Institute (SHI") retained HCS to collect a debt owed by plaintiff in the amount of $230.00, plus $76.67 in collection fees. (Holloway Affidavit ¶ 7, Ex. 1).

On April 18, 2003, HCS sent a debt collection letter to plaintiff to collect the debt owed to SHI. (Holloway Affidavit ¶ 8, Ex. 1).

On July 12, 2005, Selma Doctor's Clinic ("SDC") retained HCS to collect a debt owed by plaintiff in the amount of $280.00. (Holloway Affidavit ¶ 9, Ex. 1).

On July 14, 2005, HCS sent a debt collection letter to plaintiff to collect the debt owed to SDC. (Holloway Affidavit ¶ 10, Ex. 1).

On November 25, 2005, plaintiff called HCS to dispute the debt and to request that HCS remove his debt from its file. (Holloway Affidavit ¶ 11, Ex. 1).

On January 4, 2007, plaintiff called HCS to request that it remove his debt and to demanded debt validations. (Holloway Affidavit ¶ 12, Ex. 1).

On January 5, 2007, HCS sent validation requests to SDC, SHI and HAS. HAS verified the account information, but SDC and SHI did not return HCS's validation requests. (Holloway Affidavit ¶ 13). HCS then sent plaintiff the HAS validation, and HCS did not communicate with plaintiff after January 5, 2007. (Holloway Affidavit ¶ 14-15, Ex. 1).

Thereafter, on January 25, 2008, plaintiff filed the present complaint against HCS alleging the following claims: (1) violation of the FDCPA; (2) violation of the OCSPA; (3) defamation; and (4) tortious interference with contract and prospective credit advantage.

On June 30, 2008, plaintiff filed a motion for leave to file a corrected amended complaint in which plaintiff sought to add Selma Doctor's Clinic ("SDC"), Selma Heart Institute (SHI"), and Haynes Ambulance of Selma ("HAS"), along with additional claims of aiding and abetting, conspiracy, corporate negligence, and damages of emotional distress, pain, mental pain, and suffering.

On August 27, 2008, HCS filed a motion to declare plaintiff a vexatious litigator and dismiss this case.

On September 5, 2008, plaintiff filed a one-page, handwritten motion to strike HCS' motion to declare plaintiff a vexatious litigator and dismiss this case claiming that he was improperly served.

Thereafter, on September 30, 2008, HCS filed a motion for summary judgment. Plaintiff then filed a motion to strike HCS's motion for summary judgment, as well as a motion to declare HCS and its counsel a vexatious litigator. (*See* Docs. 23, 26).

On December 18, 2008, plaintiff filed a motion for summary judgment. Finally, on December 30, 2008, HCS filed a motion for sanctions and a motion to strike exhibits attached to plaintiff's memorandum in opposition to the motion for summary judgment.

Now before the Court are plaintiff's motions for leave to amend and serve complaint, the parties' motions for summary judgment, and HCS's motion to declare plaintiff a vexatious litigator. Each motion will be addressed in turn.

## II. STANDARDS OF REVIEW

A.    *Amended Complaint*

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

      B.     *Summary Judgment*

      Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences

must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

C.      *Vexatious Litigator*

The Sixth Circuit Court of Appeals has held that federal courts have the authority to declare a plaintiff a vexatious litigator pursuant to 28 U.S.C. §1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Sixth Circuit Court of Appeals has approved various pre-filing restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the federal courts. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987) (noting courts have authority to impose restrictions on harassing and vexatious litigators); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998) (affirming the courts ability to impose pre-filing restrictions in matters with a history of vexatious litigation); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 50 F.3d 11 (6th Cir. Mar. 15, 1995) (unpublished) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) ...").

## III.

*A.      Plaintiff's motions for leave to amend and serve (Docs. 11-14)*

Plaintiff seeks leave of court to add Haynes Ambulance of Selma ("HAS"), Selma Heart Institute ("SHI") and Selma Doctors Clinic ("SDC"). However, the undersigned finds that such amendments would be futile. As thoroughly explained below, plaintiff's federal claims under the FDCPA are time-barred, as well as properly dismissed on the merits.

Furthermore, pursuant to 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). Thus, plaintiff' state law claims against HAS, SHI and SDC are also properly dismissed. Accordingly, plaintiff's proposed amendments (Docs. 11, 12, 13, 14) are not well-taken, and should be denied.

A. *Defendant's motion for summary judgment is well-taken.* (Doc. 21)

HCS asserts that plaintiff's FDCPA claim is time-barred and therefore properly dismissed. HCS further argues that plaintiff's pendent state law claims are properly dismissed because his federal claims are time-barred. The undersigned agrees and finds that HCS's motion for summary judgment is well-taken.

i. *Plaintiff's FDCPA action is time-barred.*

The statute of limitations for violations of the FDCPA is governed by 15 U.S.C.A. §1692k(d), which provides in pertinent part:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year from the date on which the violation occurs</u>. (Emphasis added).

*Amadasu v. General Revenue Corporation*, 2008 WL 207936 (S.D. Ohio 2008) (summary judgment granted as FDCPA claims barred by one-year statute of limitations); *Ison v. Javitch, Block & Rathbone*, 2007 WL 2769674, *6 (S.D. Ohio 2007) (statute of limitations for claims under the FDCPA is one year); *Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783 (S.D. Ohio 2006) (FDCPA claims have a one-year statute of limitations); *In re Gunter*, 334 B.R. 900 (S.D. Ohio 2005) (FDCPA claims did not survive dismissal as they were barred by the one-year statute of limitations).

Here, plaintiff's FDCPA action is stale, and it should be dismissed. In the present case, the record demonstrates that the final communication between HCS and plaintiff

occurred on January 5, 2007; yet for reasons unexplained, plaintiff failed to file his summons and complaint until January 25, 2008, over a year later.[2]

Title 15 U.S.C., Section 1692k(d) specifically states that the statute of limitations begins to run from the "date on which the violation occurs." Here, the alleged violation (if any), occurred prior to the last communication, (*i.e.* the January 5, 2007 validation letter sent to Mr. Amadasu). For purposes of 15 U.S.C. § 1692k(d), a claim begins to accrue from the date after the collection letter is mailed. *McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268 (M.D. Fla. 2008) (citing *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995)).

Plaintiff argues in the alternative that under a "continuing tort theory," the statute of limitations should run "from 2/28/08 to 2/28/09" as he received a letter from HCS responding to the complaint on that date. Plaintiff's argument is misplaced.

As set forth above, the last debt collection communication with plaintiff occurred via the January 5, 2007 letter, and plaintiff admits this fact in his opposition memorandum. HCS's February 26 2008 letter was not an attempt to collect a debt, nor a violation of the FDCPA, but rather in response to plaintiff's *pro se* complaint. As such, the statute of limitations began to run on January 8, 2007 and expired on January 8, 2008.

---

[2] On January 11, 2008, plaintiff a filed motion for leave to proceed *in forma pauperis*. (Doc. 1). The motion as granted on January 25, 2008, the same day plaintiff's complaint was filed. (Doc. 2). However, as outlined above, plaintiff's motion for IFP status was not filed with the one-year limitations period.

Plaintiff, therefore, failed to file his complaint until after the statute of limitations had expired. Accordingly, the undersigned finds that plaintiff's FDCPA claims should be dismissed due to the expiration of the one-year statute of limitations.

> ii.    *Even assuming plaintiff's FDCPA claim is not time-barred, defendant is entitled to judgment as a matter of law.*

Plaintiff's complaint asserts that HCS's actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

The FDCPA was passed to regulate abusive debt collection practices. The Sixth Circuit has noted that the Act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992). The Court must evaluate the defendant's conduct under the "least sophisticated consumer" test to objectively determine whether that consumer would be misled. *Williams v. Javitch, Block & Rathbone, LLP* 480 F.Supp.2d 1016, 1021 (S.D.Ohio 2007) (citing *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992)).

Title 15 U.S.C., Section 1692e generally forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subpart (10) of that section echoes this language, as it prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Williams v. Javitch, Block & Rathbone,*

*LLP* 480 F.Supp.2d 1016, 1021 (S.D.Ohio 2007).

Here, HCS maintains that from January 9, 2003 until September 12, 2005, HCS made several attempts to collect debts owed by plaintiff but never successfully made contact with him. (Holloway Affidavit ¶ 10, Ex. 1). Further, not until November 25, 2005, did plaintiff call HCS to dispute the debts. (Holloway Affidavit ¶ 6- 11). It is undisputed that HCS did not contact, communicate or correspond with plaintiff afterwards, until plaintiff again called HCS on January 4, 2007, over a year later. (Holloway Affidavit ¶ 12, Ex. 1). After receiving the HAS validation, HCS immediately sent plaintiff a validation letter on January 5, 2007, as he requested, and ceased communicating with and/or attempting to collect any debts from him at that time. (Holloway Affidavit ¶ 15, Ex. 1).

Thus, the undersigned finds that HCS's debt collection practices did not abuse, deceive, and/or mislead plaintiff as required to maintain a claim under the FDCPA. Accordingly, the undersigned finds that there is no genuine issue as to any material fact, and that HCS is entitled to judgment as a matter of law with respect to plaintiff's FDCPA claim.[3]

---

[3] Based on the foregoing, plaintiff's motion for summary judgment (Doc.32) is not well-taken and should be **DENIED**. Additionally, in light of the recommendation that HCS's motion for summary judgment be granted, the undersigned further recommends that HCS's motion to dismiss (Doc. 16) be terminated as **MOOT**.

ii.    *Plaintiff's State Law Claims Should be Dismissed*

Pursuant to 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). Moreover, the Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987) (*citing United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)); *see also Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits.").

Here, plaintiff alleges the following state law claims against HCS: (1) violation of the Ohio Consumer Sales Practices Act;4 (2) defamation; (3) tortious interference with contract and prospective credit advantage; (4) aiding and abetting; (5) conspiracy; (6) corporate negligence; and (7) emotional distress. Because the FDCPA claims are barred by the one-year statute of limitations and/or properly dismissed on summary judgment, all pendent state claims must also be dismissed. *Fox v. Parker Hannifin Corp*., 914 F.2d 795, 804 (6th Cir. 1990) (pendent jurisdiction is a doctrine of discretion and not a plaintiff's right); *Service, Hospital, Nursing Home and Public Employees Union, Local*

*No. 47, Affiliated With the Service Employees International Union, AFL-CIO, CLC v. Commercial Property Services, Inc*., 755 F.2d 499, 506 (6th Cir. 1985) (dismissal of pendent state claim was required once the federal claim was dismissed) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well")).

Accordingly, in light of the recommendation that the defendants are entitled to summary judgment on Plaintiff's federal claims, it is further recommended that plaintiff's state law claims should be dismissed without prejudice.

### B. *Defendant's motion to declare plaintiff a vexatious litigator is well-taken. (Doc. 16)*

Amadasu has filed a bevy of *pro se* complaints throughout the last eight years in the United States District Court for the Southern District of Ohio in which cases this Court has previously awarded sanctions and warnings against him as well as dismissed cases for numerous fraudulent activities, delays, and misrepresentations to the Court. *See Amadasu v. Mercy Franciscan Hos*., *et al*, 2007 WL 2236627 (S.D. Ohio 2007) (claim dismissed for Amadasu's failure to cooperate in discovery and for intentionally engaging in a clear pattern of delay); *Amadasu v. James R. Donovan*, *M.D., et al.*, 2006 WL 1401648 (S.D. Ohio 2006) (Court struck exhibits that Amadasu had forged and granted defendants' motions for summary judgment); *Amadasu v. Christ Hospital*, et al., 2006 WL 2850511 (S.D. Ohio 2004) (court dismissed Amadasu's complaint which failed to state a claim); *Amadasu v. Macheret*, *et al.*, 01-CV-00668 (S.D. Ohio 2004)

(claim dismissed after Amadasu intentionally misrepresented to the Court with respect to his failure to comply with discovery orders and his failure to appear at his deposition); *Amadasu v. University of Utah*, 00-CV-00070 (S.D. Ohio 2002) (claim dismissed as a sanction for Amadasu's failure to comply with the orders of the Court).

Perhaps most pertinent, in *Amadasu v. General Revenue Corp.*, 2007 WL 4800349 (S.D. Ohio 2008), Amadasu alleged FDCPA violations against a defendant debt collection agency. In *General Revenue*, this Court held that Amadasu forged ten of the twelve letters attached to his complaint and dismissed Amadasu's claims which were barred by the FDCPA's one year statute of limitations. Specifically, the Court provided:

> Additionally, the Court has grave concerns regarding Plaintiff's propensity to forge or alter documents in the future as it is clear that this is not the first time Plaintiff has done so in this Court. (*See Amadasu v. Donovan, et al,* Case No. 1:01cv210- SJD-TSB, Doc. 137 (finding Plaintiff had forged correspondence allegedly written by the Defendants) and *Amadasu v. Macharet, et al.*, Case No. 1:02cv263-SJD-TSB, Doc. 88 (finding Plaintiff's intentional misrepresentations on the record to the Court constituted support for recommending dismissal)).
>
>                               ***
>
> Finally, the Court, by way of this Order, is hereby issuing a formal warning to Plaintiff that if he is found to forge or alter documents in any other matter in the Southern District of Ohio, either presently pending or filed hereafter, regardless of the subject matter, that this Court may declare Plaintiff a harassing and vexatious litigator and impose prefiling restrictions on Plaintiff before any additional lawsuits can be filed in this Court. *See Johnson v. Univ. Hous.*, 2007 U.S. Dist. LEXIS 90653, 36-38 (S.D. Ohio 2007). "These restrictions could include, but are not limited to, requiring Plaintiff to file a bond to cover the opposing party's attorney's fees, see, e.g., *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. Aug. 10, 2000)(requiring harassing and vexatious litigator to file $25,000 bond prior

to filing suit is not an abuse of discretion); ... or mandating that Plaintiff
first seek leave of court prior to filing a lawsuit, see, e.g., *Marbly v.
Wheatley*, 87 Fed.Appx. 535 (6th Cir. Feb. 4, 2004)." *Johnson v. Univ.
Hous.*, 2007 U.S. Dist. LEXIS 90653, 36-38 (S.D. Ohio 2007).

In the instant civil action, HCS submits that Amadasu's lengthy history of
vexatious litigation and abuse of the judicial process entitles it to dismissal as Amadasu
has not presented any evidence to show that his current claim against HCS is anything
more than frivolous or that his conduct will differ from that described in the
aforementioned cases.  The undersigned agrees.

As noted above, the Sixth Circuit Court of Appeals has held that federal courts
have the authority to declare a plaintiff a vexatious litigator pursuant to 28 U.S.C. §1927,
which provides:

Any attorney or other person admitted to conduct cases in any court of the
United States or any territory thereof who so multiplies the proceedings in
any case unreasonably and vexatiously may be required by the court to
satisfy personally the excess costs, expenses and attorneys fees reasonably
incurred because of such conduct.

28 U.S.C. § 1927.

Moreover, "vexatious" conduct involves either subjective or objective bad faith.
*Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994)  Sanctions for
unreasonably and vexatiously multiplying the proceedings may be imposed upon *pro se*
plaintiff.  *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990).

The Sixth Circuit has imposed filing restrictions on vexatious litigators such as plaintiff.  *Marbly v. Wheatley,* 87 Fed.Appx. 535 (6th Cir. 2004) (mandating that *pro se* plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious *pro se* litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In his latest filing, plaintiff brazenly misrepresents the record, sets forth fallacious accusations and innuendo, and concludes by taking unsubstantiated personal swipes at opposing counsel.  Notably, plaintiff attached to his opposition memorandum a signed declaration containing false statements.  (Doc. 31, Ex. 1)  HSC asserts that responding to every falsehood in his declaration would necessitate an extension of the available page limitations, and that the following highlights only the most shameless fabrications and distortions perpetrated on this Court:

- Plaintiff misrepresents in Paragraph 19 that HCS continually contacted Plaintiff by phone and letters nearly monthly from 2003 through 2008 even though Plaintiff's own exhibits (9 and 17) reflect that HCS ceased contacting Plaintiff with frequency in 2005, never contacted Plaintiff in 2006, and only contacted Plaintiff three times in 2007;

- Plaintiff misrepresents in Paragraph 21 that HCS' 2/28/08 communication was part of a continuing series despite the fact the letter was sent over a year after HCS' last correspondence and only in response to the Complaint;

- Plaintiff misrepresents in Paragraph 22 that HCS "admitted and acknowledged" in its records that it continued to communicate with Plaintiff from 1/9/03 through 2/19/08 despite the fact that Exhibit

17 demonstrates that the last contact with Plaintiff occurred on 1/5/07;

- Plaintiff misrepresents in Paragraph 26 that HCS maintained a series of communications by phone and letter with Plaintiff from 2003 through 2008 despite evidence that HCS ceased communicating with Plaintiff on 1/5/07;

- Plaintiff misrepresents in Paragraph 57 that HCS' attorney was instructed by HCS to start negotiation for settlement because HCS had no provable defenses to the claims. At no time whatsoever did HCS' counsel convey to Plaintiff that HCS had no provable defenses to the claims;

- Plaintiff misrepresents in Paragraph 59 that HCS dictatorially imposed a "take-or-leave" it $2000 unilateral offer despite the fact that HCS never represented the offer as final; and

- Plaintiff misrepresents in Paragraph 60 that on September 5, 2008, HCS' counsel denied him the opportunity to negotiate settlement, withdrew the "take-or-leave" offer, and unilaterally sought to depose Plaintiff as Plaintiff told HCS' counsel that he had not received a letter offering settlement by September 5, 2008.

Moreover, in addition to his complaint, plaintiff has filed the following unfounded motions, which have multiplied these proceedings exponentially:

- Motion for Leave to File Amended Complaint (6/27/2008);
- Motion for Service of Amended Complaint (6/27/2008);
- Motion for Leave to File Corrected Amended Complaint (6/30/2008);
- Motion for Service of Corrected Amended Complaint with Joinder of Parties and Claims (6/30/2008);
- Motion to Strike Motion to Declare Plaintiff a Vexatious Litigator (9/5/2008);
- Motion for Extension of Time to File Response to Motion to Dismiss/Declare Plaintiff a Vexatious Litigator (9/26/2008);

- Motion to Strike Motion for Summary Judgment (10/21/2008); and
- Motion to Declare Defendant Holloway and counsel John Thomas a Vexatious Litigator, Motion to Strike, and Motion to Sever (10/31/2008).

Furthermore, plaintiff attached two exhibits to his memorandum in opposition that were never sent to HCS, that were never referenced in any of his complaints, and that were never produced to HCS' counsel pursuant to its document request. Specifically, plaintiff maintained that Exhibits 3 & 4 were cease and desist letters he allegedly sent to HCS on February 5, 2003 and May 8, 2003, respectively. ("Plaintiff's Exhibits 3 & 4").

However, there is no record in any of HCS' call notes and/or business records that HCS ever received (or that plaintiff ever sent) Exhibits 3 & 4 to HCS (John Holloway Second Affidavit ¶¶ 4-7; Exhibit 1). After an extensive search of all files, business records, notes, and history relating to plaintiff, HCS has determined that it never received Plaintiff's Exhibits 3 & 4. (Holloway Second Affidavit ¶¶ 4-7). Accordingly, the two exhibits were stricken by the Court due to plaintiff's failure to produce the aforementioned exhibits pursuant to the required disclosures and discovery requests.[4]

Here, based on the fraudulent misrepresentations contained in plaintiff's self-serving affidavit, the frivolous and harassing filings (*see* Docs. 18, 23, 26, 32), and his failure to comply with Rule 26 of the Federal Rules of Civil procedure, the undersigned

---

[4] The Court also questioned the authenticity of the exhibits, and noted plaintiff's propensity to forge or alter documents. (*See Amadasu v. General Revenue Corp.*, 2007 WL 4800349 (S.D. Ohio 2008) ( finding that Amadasu forged ten of the twelve letters attached to his complaint) *Amadasu v. Donovan, et al*, Case No. 1:01cv210, (S. D. Ohio 2006) Doc. 137 (finding plaintiff had forged correspondence allegedly written by the defendants) and *Amadasu v. Macharet, et al.*, Case No. 1:02cv263 (S.D. Ohio 2004) Doc. 88 (finding plaintiff's intentional misrepresentations on the record to the Court constituted support for recommending dismissal)).

finds that plaintiff has acted in bad faith and unreasonably and vexatiously multiplied the proceedings in the instant civil action. Furthermore, plaintiff has been formerly warned that further fraudulent conduct would result in a declaration that plaintiff is a harassing and vexatious litigator and pre-filing restrictions would be imposed before any additional lawsuits be filed in this Court. *See Amadasu v. General Revenue Corp*, Case No. 1:04-cv-772 (S.D. Ohio 2008) (Doc. 72).

Accordingly, in light of his actions in the instant civil action, his litigation history, and his previous misconduct before this Court, the undersigned finds defendant's motion to be well-taken and hereby recommends that plaintiff be declared a harassing and vexatious litigator such that pre-filing restrictions should be imposed as determined by the District Judge. *See Marbly v. Wheatley,* 87 Fed.Appx. 535 (6th Cir. 2004) (mandating that *pro se* plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious *pro se* litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

# IV.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's motions for leave to amend and serve (Docs. 11, 12, 13, 14) should be **DENIED**;

2.  Defendant's motion to declare plaintiff a vexation litigator (Doc. 17) should be **GRANTED**; plaintiff should be declared a harassing and vexations litigator such that pre-filing restrictions should be imposed as determined by the District Judge;

3.  Defendant's motion for summary judgment (Doc. 21) should be **GRANTED**; plaintiff's motion for summary judgment (Doc. 32) should be **DENIED**; and this case should be **CLOSED**.


Date:   February 18, 2009                           s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

      Plaintiff,                                Case No. 1:08-cv-36

                                                Dlott, J.
vs.                                            Black, M.J.

HOLLOWAY CREDIT SOLUTIONS, LLC

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).